ROBERT J. ROSATI, No. 112006
robert@erisalg.com
THORNTON DAVIDSON, No. 166487
thornton@erisalg.com
ERISA Law Group LLP
6485 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone: 559-478-4119
Telefax: 559-478-5939

Attorneys for Plaintiff,
RUSSELL HULL

RONALD ALBERTS, No. 100017
ralberts@gordonrees.com
JORDAN S. ALTURA, No. 209431
jaltura@gordonrees.com
DAWN N. VALENTINE, No. 206486
dvalentine@gordonrees.com
GORDON & REES LLP
275 Battery Street, Suite 2000
San Francisco, California 94111
Telephone: 415-986-5900
Telefax: 415-986-8054

Attorneys for Defendant,
AETNA LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUSSELL HULL, | ) CASE NO. 1:14-CV-00867-JAM-MJS |
| Plaintiff, | ) **JOINT STIPULATION FOR** |
| | ) **PROTECTIVE ORDER REGARDING** |
| | ) **CONFIDENTIALITY OF** |
| v. | ) **INFORMATION, DOCUMENTS AND** |
| | ) **OTHER MATERIALS AND THINGS** |
| AETNA LIFE INSURANCE COMPANY, | ) |
| Defendant. | ) |

///

///

---

JOINT STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF
INFORMATION, DOCUMENTS AND OTHER MATERIALS AND THINGS

1.  PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting or defending this litigation would be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.  DEFINITIONS

    2.1  Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

    2.2  Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

    2.3  "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4 <u>Receiving Party</u>: a Party that receives Disclosures or Discovery Material from a Producing Party.

2.5 <u>Producing Party</u>: a Party or non-party that produces Disclosure or Discovery Material in this action.

2.6 <u>Designating Party</u>: a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.7 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential."

2.8 <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

2.9 <u>House Counsel</u>: attorneys who are employees of a Party.

2.10 <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well as their support staffs).

2.11 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past or a current employee of a Party or of a competitor or a Party's and who, at the time of retention, is not anticipated to become an employee of a Party or a competitor of a Party's.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.12 <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

JOINT STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION, DOCUMENTS AND OTHER MATERIALS AND THINGS

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that might reveal Protected Material.

4.  DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  DESIGNATING PROTECTED MATERIAL

5.1  Exercise of Restraint and Care in Designating Material for Protection.  Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify - so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties), expose the Designating Party to sanctions.

If it comes to a Party's or a non- party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection

4

initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

     5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection order this Order must be clearly so designated before the material is disclosed or produced.

Designation is conformity with this Order requires:

(a)     for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" at the bottom of each page that contains protected material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion "CONFIDENTIAL".

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" at the bottom of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, "CONFIDENTIAL".

(b) <u>for testimony given in deposition or in other pretrial proceedings</u>, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony. When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceedings is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought. Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL" as instructed by the Party or nonparty offering or sponsoring the witness or presenting the testimony.

(c) <u>for information produced in some form other than documentary, and for any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portions, specifying they qualify as "Confidential".

5.3 <u>Inadvertent Failures to Designate</u>: If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If material is approximately designated as "Confidential" after the material was initially produced, the

6

Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.  CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1  Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2  Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communications are not sufficient) with counsel for the Designating Party.  In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3  Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion in compliance with the Local Rules that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph and that sets forth with

specificity the justification for the confidentiality designation that was given by the Designating Party in the meet and confer dialogue.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the person authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

(a) the Receiving Party's Outside Counsel of record in this action, as well as employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(c) experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have singed the "Agreement to be Bound by Protective Order" (Exhibit A):

(d) the Court and its personnel;

(e) court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to be Bound by Protective Order" (Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order. The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the

subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material - and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protective Material to any person or in any circumstances not authorized under this Stipulated Protective Order, the Receiving Party must immediately (as) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 141.

11. <u>ATTORNEY'S ACTIONS</u>

Nothing in this Stipulation, and Court's Order thereon, will bar or otherwise restrict an attorney who is a qualified recipient from:

(a) Rendering advice to his, her or its client with respect to this action; or

(b) Generally referring to or relying on his or her examination of documents that have been produced under this Stipulation, and the Court's Order thereon, and that contain "Confidential" information.

12. <u>NO WAIVER</u>.  The taking of, or the failure to take, any action to enforce the provisions of this Stipulation, and Court's Order thereon, or the failure to object to any designation or any such action or omission, will not constitute a waiver of any right to seek and obtain protection or relief, other than as specified in this Stipulation, and Court's Order thereon, of any claim or defense in this action or any other action, including but not limited to, any claim or defense that any information:

(a) Is or is not relevant, material, or otherwise discoverable;

(b) Is or is not confidential or proprietary to any party;

(c) Is or is not entitled to particular protection; or

(d) Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

In making this claim or defense, the party must comply with the procedures described in this Stipulation, and Court's Order thereon.  This Stipulation, and Court's Order thereon, is entered without prejudice to the right of any party to apply to the Court at any time to modify the restrictions of any such Order, when convenience or necessity requires.  The procedures set forth in this Stipulation, and Court's Order thereon, will not affect the rights of the parties to object to discovery on grounds other than those related to trade secrets or proprietary

information claims, nor will they relieve a party of the necessity of proper response to discovery devices.

13.     NO PROBATIVE VALUE.  This Stipulation, and Court's Order thereon, will not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to any "Confidential" information or material.  The fact that information or material has been designated as "Confidential" will not make it admissible during the trial of this action, absent a stipulation by the parties or a ruling by the Court as to its admissibility.  The fact that any information designated "Confidential" is or may be disclosed, used, or produced in discovery or at trial in this action will not prohibit any party from asserting all objections and privileges, that the information:

>    (a)     Is or is not relevant, material, or otherwise admissible;
>
>    (b)     Is or is not confidential or proprietary to any party;
>
>    (c)     Is or is not entitled to particular protection; or
>
>    (d)     Embodies or does not embody trade secrets or confidential research, development, or commercial information of any party.

Further, a party that receives material or information in this action that is designated as "Confidential" may not use that material or information in another legal proceeding or for any other purpose than litigating the instant action, absent written consent from the disclosing party.

14.     COURT'S JURISDICTION.  The Court retains jurisdiction to make amendments, modifications, deletions, and additions to the Order approving this Stipulation as the Court from time to time considers appropriate.  The provisions of this Stipulation, and Court's Order thereon, regarding the use or disclosure of information designated as "Confidential"

information or material will survive the termination of this action, and the Court will retain jurisdiction with respect to this Stipulation, and Court's Order thereon.

15. <u>NOTICES</u>.  Any of the notice requirements in this Stipulation and the Court's Order entered thereon may be waived, in whole or in part, but only a writing signed by the attorney of record for the party against whom such waiver is sought will be effective.

16. <u>AMENDMENTS</u>.  The parties may amend this Stipulation, Court's Order thereon, in writing and may seek to have the amendments entered by the Court as part of its Order.

17. <u>INTERPRETATION</u>.  This Stipulation has been negotiated at arm's length and between and among persons sophisticated and knowledgeable in the matters dealt with in this Stipulation.  Accordingly, none of the parties hereto shall be entitled to have any provisions of the Stipulation construed against any of the other parties hereto in accordance with any rule of law, legal decision, or doctrine, such as the doctrine of contra proferendum, that would require interpretation of any ambiguities in this Stipulation against the party that has drafted it.  The provisions of this Stipulation shall be interpreted in a reasonable manner to effect the purposes of the parties hereto and this Stipulation.

18. <u>BINDING ON ALL PARTIES/EXTENSION TO NON-PARTIES</u>.  This Stipulation, upon entry as an Order of the Court, shall bind the parties represented by the undersigned counsel, the parties' agents, officers, directors, employees, and representatives who receive notice of this Stipulation, and Court's Order thereon, and all other parties who appear in this case during the course of this litigation.  If non-parties produce documents and desire to have them produced under the terms of the Court's Order, the parties agree to meet and confer and, if unable to agree, the non-parties may seek amendment to the Order by motion.

19. <u>EASTERN DISTRICT LOCAL RULE 141.1(C)</u>.  Per the requirements of Local Rule 141.1(c), following are the categories of documents sought to be protected without limitation

as well as the particularized need for their protection: (1) claims manuals, internal company guidelines, various standards, practices and procedures (trade secrets, competitively sensitive confidential and/or proprietary information); (2) Documents related to Group Policy numbered GP 473185 ("the Policy") issued to Tulare Local Healthcare District, including without limitation the underwriting file for the Policy (trade secrets, competitively sensitive confidential and/or proprietary information, third party privacy rights), (3) private contracts and agreements between Aetna and third party service providers (trade secrets, competitively sensitive confidential and/or proprietary information, third party privacy rights), (4) employment records specific to certain Aetna employees (third party privacy rights, trade secrets, competitively sensitive confidential and/or proprietary information) and (5) Aetna's claims handling patterns and histories (trade secrets, competitively sensitive confidential and/or proprietary information, third party privacy rights).  Each of these documents implicate trade secrets, financial and proprietary privacy concerns and/or the privacy concerns of individuals and are properly subject to the protective order sought.

This stipulation anticipates the Court's oversight over the agreement. A court order is warranted and necessary to ensure that parties have a mechanism by which to enforce the Order as well as a clear means to address conflicts that may arise with regard to the Order, including which documents and evidence are designated as confidential.  A Court order is further necessitated since parties have agreed that the Court retains jurisdiction with respect to the Stipulation beyond the termination of this action.

20.     FINAL DISPOSITION.  Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other

form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party must destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compiliations, summaries or other forms of reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

21. <u>MISCELLANEOUS</u>.

    21.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

    21.2    <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

ERISA LAW GROUP, LLP

Dated: September 26, 2014

                  */s/ Robert J. Rosati*
                  ROBERT J. ROSATI, No. 112006

                  Attorneys for Plaintiff,
                  RUSSELL HULL

GORDON & REES, LLP

Dated: September 26, 2014

                  */s/ Jordan S. Altura* [as authorized on 9/26/14]
                  JORDAN S. ALTURA, No. 209431

                  Attorneys for Defendant,
                  AETNA LIFE INSURANCE COMPANY

ORDER

The parties having stipulated and requested an order of the Court as set forth above, and GOOD CAUSE appearing therefore, IT IS SO ORDERED.

IT IS SO ORDERED.

Dated:   September 29, 2014        /s/ *Michael J. Seng*
                                                  UNITED STATES MAGISTRATE JUDGE

16
JOINT STIPULATION FOR PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF INFORMATION, DOCUMENTS AND OTHER MATERIALS AND THINGS

1097328/20359770v.1